BIRD, DEMANDANTE Y APELADO, *v.* THE PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEMANDADA Y APELANTE.

No. 2923.—*Sometido:* Enero 24, 1924. *Resuelto:* Mayo 22, 1924.

NEGLIGENCIA—DAÑOS Y PERJUICIOS—*Last Clear Chance*—CAUSA PRÓXIMA DEL ACCIDENTE.—Llegándose a la conclusión de que el motorista vió en este caso al niño objeto del accidente entre la verja y la vía, sitio peligroso para niños dado que el espacio que mediaba entre ambas era de 2½ pies y que por tanto tuvo la última oportunidad para evitar el accidente tocando la campana hasta conseguir que el niño saliera de aquel sitio antes de llegar al mismo con su carro o parando éste, cosas que no hizo y que hubieran evitado el accidente porque el carro iba despacio, es preciso concluir que su conducta fué la causa próxima del mismo.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), condenando a la demandada al pago de $4,000 de indemnización más las costas. *Confirmada.*

*Sr. J. H. Brown,* abogado de la apelante; *Sr. H. R. Francis,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La apelante fué condenada a pagar una cantidad de dinero como indemnización al demandante, que es un menor de edad y está representado en este pleito por su padre, por la pérdida de cuatro dedos del pie derecho como consecuencia de un accidente sufrido por él con un carro eléctrico de la demandada.

La apelante tiene su vía de carros eléctricos en el lado sud de la carretera que conduce de San Juan a Río Piedras y en la tarde del día en que ocurrió ese accidente el demandante fué con su madre a la casa contigua a la parada 17 de los carros eléctricos donde ella iba a hacer una visita. Esa casa está situada al lado sud de la vía férrea de la demandada y en aquella época estaba separada de la vía por una cerca situada a dos pies y medio de ella, estando el balcón de la casa a una distancia de tres metros y medio de dicha cerca. Ahora hay en ese sitio una amplia acera.

El niño salió de la casa algunos minutos después de haber llegado a ella con su madre, pues poco después las rue-

das de un carro eléctrico que lenta y silenciosamente lle-
gaba a aquel sitio para hacer la parada 17 cogió el pie de-
recho de dicho niño, quien también recibió un golpe en la
parte posterior de la cabeza. El niño no fué cogido por
la parte delantera del carro sino por un costado del mismo.
Sobre estos extremos no hay contradicción entre las partes
pero sí en cuanto a la manera como sucedió el accidente,
pues mientras los testigos del demandante declararon que
cuando el carro eléctrico llegaba despacio para hacer la pa-
rada 17 el niño estaba en el trecho comprendido entre la
vía y la cerca, recostado de ésta, mirando hacia la casa y
de espaldas a la vía, los testigos de la demandada declara-
ron que cuando el carro eléctrico se aproximaba a aquel si-
tio el niño venía corriendo por el pasillo que de la casa
conduce a la vía y tropezó con el carro. La corte inferior
dió crédito a los testigos del demandante exponiendo para
ello entre otras razones que la teoría de la demandada no
es creíble a pesar de que uno de sus testigos, el Sr. Ramos
Casellas, le inspiraba gran respeto y lo consideraba veraz,
porque no pudo asegurar que el niño a quien vió correr
por el pasillo en dirección al carro fuera el mismo lesionado,
porque el niño hubiera recibido el golpe en la frente y no
en la parte posterior de la cabeza y porque tenía que subir
un escalón de 14 a 15 pulgadas de alto para pasar del pasi-
llo de la casa a la vía, que era bastante alto para detener
al niño en su carrera y para hacerle observar el paso del
carro.

La parte apelante en su primer motivo del recurso y
bajo el fundamento de que la corte cometió error al decla-
rar que la demandada fué culpable de negligencia ataca la
apreciación que de la evidencia hizo la corte sentenciadora
alegando que para entrar a la casa desde la vía no había que
bajar un escalón de 14 a 15 pulgadas de alto sino que por
el contrario había que subirlo y que no habiendo por allí
otro niño que corriera, la razón que da la corte para no
creer al testigo José Ramos Casellas no es muy persuasiva.

No encontramos que la prueba sea tan clara como alega la apelante con respecto a que para llegar de la vía al pasillo que conduce a la casa había que subir un escalón y no bajarlo, y las declaraciones que cita, aunque confusas, nos inclinan a la conclusión a que llegó la corte inferior de que había que bajar ese escalón, y por tanto que había que subirlo para salir de la casa a la vía. En cuanto al otro extremo referente al Sr. Ramos Casellas convenimos con la apelante en que el hecho de que dicho testigo no pudo afirmar que el niño que vió correr era el demandante no es una razón muy persuasiva para no darle crédito, pero esto no puede por sí solo destruir la conclusión a que llegó la corte, tanto más cuanto que expresa también la razón de que el niño hubiera recibido el golpe en la frente y no en la parte posterior de la cabeza al chocar con el carro eléctrico.

En los motivos segundo y cuarto del recurso se alegan como erróneas las conclusiones de la corte inferior al estimar que el demandante no era un intruso (*trespasser*) en el sitio que estaba según su prueba y en no estimar que de haber negligencia de los padres no sería imputable al menor que demanda para su beneficio, pero no es necesario considerar estas cuestiones pues aún admitiendo que hubo negligencia del menor y de sus padres no serían de tenerse en cuenta en este caso dado que a pesar de ello el motorista tuvo la última oportunidad para evitar el accidente y no lo hizo, cuestión que se trata en el tercer motivo del recurso.

El motorista declaró que cuando se acercaba con su carro a aquel sitio vió al niño, aunque dijo que lo vió corriendo del pasillo de la casa para la vía, pero como la corte no dió crédito a la prueba que la demandada presentó en ese sentido sino que estimó probado que el niño estaba recostado de la cerca, de espaldas a la vía en el pequeño espacio que entre ambas quedaba, podemos llegar a la conclusión de que el motorista lo vió en ese sitio, que era peligroso para niños dada la poca distancia que había entre

la cerca y la vía férrea y por tanto tuvo la última oportunidad para evitar el accidente tocando la campana hasta conseguir que el niño saliera de aquel sitio antes de llegar al mismo con su carro o parando éste, cosas que no hizo y que hubieran evitado el accidente porque el carro iba despacio, por lo que su conducta fué la causa próxima del mismo.

En el último motivo del recurso se alega que los hechos que estimó probados la corte inferior no son suficientes para autorizar una condena por la cantidad que fué concedida, cuya cuestión por ser de hecho dejó la apelante para discutirla oralmente en la vista de la apelación, pero como no asistió a ella no conocemos en modo alguno sus razones para sostener dicho motivo de error y por esto dejamos de considerarlo.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.